**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-6451**

———————————

LARRY L. WILLIAMS,

                                   Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA,

                                   Respondent - Appellee.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., District Judge.  (CR-99-11)

———————————

Submitted:  August 26, 2005        Decided:  September 15, 2005

———————————

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Larry L. Williams, Appellant Pro Se.  Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry L. Williams seeks to appeal the district court's order denying relief on his motion filed pursuant to Fed. R. Civ. P. 60(b), seeking reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion. To appeal an order denying a Rule 60(b) motion in a habeas action, Williams must establish entitlement to a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Williams has not made the requisite showing. Because Williams's Rule 60(b) motion did not assert a defect in the original collateral review process itself, but rather reargued the merits of his § 2255 motion based on new case law, reasonable jurists would not find debatable or wrong the district court's characterization of the Rule 60(b) motion as a successive § 2255 motion under our decision in United States v. Winestock, 340

F.3d 200, 207 (4th Cir. 2003).  Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent that Williams's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization.  See Winestock, 340 F.3d at 208.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED